United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Dina Mendoza, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-22237-Civ-Scola |
| ) | |
| Aetna Life Insurance Company, ) | |
| Defendant. ) | |

### Order Granting Motion to Dismiss

The Plaintiff brings this suit against her health insurance provider for wrongfully denying coverage of $420,269 in hospital bills associated with the birth of her twin daughters. The Defendant filed a motion to dismiss the complaint (Mot. to Dismiss, ECF No. 9) for failure to state a claim under the Employment Retirement Income Security Act of 1974 ("ERISA") and failure to join an indispensable party. The Plaintiff has responded in opposition to the Defendant's motion (Pl.'s Resp., ECF No. 11) and the Defendant has replied in further support of its motion to dismiss. (Def.'s Reply, ECF No. 12.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Defendant's motion (**ECF No. 9**) and **dismisses** the complaint.

1. Background

The Plaintiff Dina Mendoza filed this action on June 16, 2023, alleging that the Defendant Aetna Life Insurance Company violated ERISA by wrongfully denying the Plaintiff benefits due under her health insurance plan (Pl.'s Compl. Ex. A, hereinafter "the Plan"). (Compl. ¶ 1; Pl.'s Resp. at 8-9.) The Plaintiff was undisputedly the principal and sole beneficiary of the Plan at the time she gave birth to twin daughters on September 13, 2020. (*Id.* ¶ 18.) The twins required "ICU and subsequent Hospital Medical Services"—one newborn received those services for one month after birth and the other for over two months, amounting to $420,269.00 in charges. (*Id.* ¶¶ 18-20.) Aetna denied coverage for these services and then denied the Plaintiff's two appeals of the coverage denial. (*Id.* ¶¶ 21, 24-27.) Aetna has maintained that its coverage is secondary to the twins' father's insurance, which is "a single person insurance plan" through his employer. (*Id.* ¶¶ 22-23, 25-27.) The Plaintiff insists that Aetna's position is "incorrect, inappropriate and baseless." (*Id.* ¶ 27.)

The Defendant Aetna filed the motion to dismiss on July 21, 2023, arguing that the Court should dismiss the complaint because the Plaintiff

failed to plead sufficient facts to state an ERISA claim under Federal Rule of Civil Procedure 12(b)(6) and failed to join an indispensable party (the father's insurer) under Federal Rule of Civil Procedure 12(b)(7). The Court need not reach the Defendant's joinder argument because the complaint is dismissed under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal punctuation omitted) (quoting Fed. R. Civ. P. 8(a)(2)). Where allegations in the complaint are inconsistent with exhibits attached thereto, the exhibits control. *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (citing *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940)). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Regardless of a plaintiff's allegations, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### 3. Analysis

ERISA § 502(a)(1)(B) provides that the beneficiary of an ERISA-governed plan can bring a civil action to recover benefits due under the plan. 29 U.S.C. § 1132(a)(1)(B). While the statute does not establish the standard of review that district courts must apply when reviewing a plan administrator's denial of benefits, the Eleventh Circuit has developed a multi-step framework for analyzing an administrator's benefits determination:

(1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with

the administrator's decision); if it is not, then end the inquiry and affirm the decision.

(2) If the administrator's decision in fact is "de novo wrong," then determine whether the administrator was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.

(3) If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).

(4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then end the inquiry and affirm the decision. *See Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1195-96 (11th Cir. 2010). If the claim administrator operated under a conflict of interest, the conflict of interest is "a factor for the district court to take into account when determining whether an administrator's decision was arbitrary and capricious." *Id.* at 1197 (citations omitted). The burden is on the plaintiff to show that the denial of benefits was arbitrary. *Id.*

Here, the Court need only address the first step, agreeing with the Defendants that the Plaintiff has not plausibly alleged that the Defendant's claim denials were wrong. "The award of benefits under any ERISA plan is governed in the first instance by the language of the plan itself." *Liberty Life Assurance Co. of Boston v. Kennedy*, 358 F.3d 1295, 1302 (11th Cir. 2004). Where allegations in the complaint are inconsistent with exhibits attached thereto, the exhibits control. *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009). The district court is limited to consideration of the material available to the administrator at the time it made its decision, but may rely on the facts as presented by the plaintiff at the motion to dismiss stage. *See Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1203 (11th Cir. 2020).

The face of the Plan dictates the result here. The Plan, which is attached to the complaint, contains coordination of benefits ("COB") provisions that require consideration of the father's insurance plan before a determination can be made regarding dependent child coverage. (*See* Mot. to Dismiss at 5; the Plan at 58.) It states that the plan of the parent whose birthday falls earlier in the calendar year covers dependent children of parents who are married or living together—otherwise known as the "birthday rule." (The Plan at 58.) While the Plaintiff's Plan does provide explicit coverage for newborns, the coverage is contingent on the application of the COB rule. (*Id.*) Even accepting as true all of the Plaintiff's allegations, the Court cannot conclude that the Plan's dependent children COB provisions would not apply, or that the provisions' application would result in Aetna's sole responsibility for paying the claims. Conclusory

statements regarding Aetna being the primary carrier are insufficient, especially when the Plan itself states otherwise. (*See* Compl. ¶¶ 21, 22, 24, 26, 27.)

The Complaint acknowledges that the twins' father had insurance through his employer but represents that "the employer for Mr. Mendoza confirmed that the plan the father has, never had the twins or Ms. Mendoza enrolled and has always been a single person plan." (Compl. ¶ 23.) Given the admission that the father did have insurance during the relevant period, the summary statement regarding the inapplicability of the father's policy is insufficient to nudge the claim into "plausible" territory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For example, the Plaintiff's allegations might have stated a claim if she had alleged that: the date of the father's birthday is later than the Plaintiff's, so the Plaintiff's Plan must provide primary coverage of the twins on its face. (*See* Plan at 25.) Or alternatively, by detailing the specific terms of the father's supposedly inapplicable policy that establish the lack of coverage for his children. Without information of this kind, it is not plausible that the Defendant improperly denied the benefits in question.

The Court also disagrees with the Plaintiff that Aetna's failure to use the term "birthday rule" to justify the claims' denial during the administrative appeals process—instead referring to the Plan's coverage as "secondary"—constituted a waiver of the argument. (Pl.'s Resp. at 4.) Stating that the "birthday rule" applies is the same as stating that one insurer's coverage is secondary to a primary insurer. (Def.'s Reply at 2-3.) The Plaintiff has not plead facts sufficient to establish that the decision of the claim administrator was de novo wrong, and the Court therefore dismisses the complaint.

### 4. Conclusion

For the above reasons, the Court **grants** the Defendant's motion (**ECF No. 9**) and dismisses the complaint.

Further, the Court dismisses the Plaintiff's complaint **without leave to amend**, denying the request made in the conclusion of the Plaintiff's response to the motion to dismiss. (Pl.'s Resp. at 9.) The request is both procedurally defective and lacking in any substantive support. "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (quoting *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)) (alteration in original). Additionally, "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). And it must "state with particularity the grounds for seeking the order[,] and state the relief sought." *Id.* The Plaintiff only raised the request in its response to the motion to dismiss and never via motion. (*See* Pl.'s Resp. at 9.) In addition to the

Plaintiff's failure to properly request leave to amend, she had the opportunity to amend as a matter of course up until 21 days after the Defendant filed its response to the complaint and failed to do so. Fed. R. Civ. P. 15(a)(1)(B).

The Clerk is directed to **close** this case. Any pending motions are denied as moot.

**Done and ordered** in Miami, Florida, on September 13, 2023.

_____
Robert N. Scola, Jr.
United States District Judge